Kenneth A. Okazaki (USB # 3844)
kokazaki@joneswaldo.com
Timothy B. Smith (USB # 8271)
tsmith@joneswaldo.com
Taryn N. Evans (USB #14638)
tevans@joneswaldo.com
JONES WALDO HOLBROOK & McDONOUGH PC
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200
*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| XLEAR, INC., a Utah corporation, | : | |
| | : | |
| Plaintiff, | : | **COMPLAINT** |
| | : | |
| vs. | : | |
| | : | Civil No. 2:16-cv-00172 |
| RENEWAL SCIENCE, a Pennsylvania | : | |
| Limited Liability Company, | : | Judge  Ted Stewart |
| | : | |
| Defendant. | : | |

Plaintiff Xlear, Inc. ("**Xlear**"), through its undersigned counsel, brings this complaint against Defendant Renewal Science, LLC ("**Defendant**") as follows:

### PARTIES

1. Xlear is a Utah corporation doing business in the State of Utah and having a principal place of business at 723 South Auto Mall Drive, American Fork, Utah 84003.

2. On information and belief, Defendant is a Pennsylvania limited liability company, having a principal place of business and/or principal office at 1313 Wilmington Pike, Suite 2e, West Chester, Pennsylvania 19382.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement under the patent laws of the United States and, more specifically, under 35 U.S.C. §§ 271, 281, 283, 284 and 285. Jurisdiction is conferred by 28 U.S.C. § 1331 because this action arises under federal law.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1400 and 1391(b) and (c).

## GENERAL ALLEGATIONS

5. U.S. Patent No. 6,054,143 ("**the '143 Patent**") issued on April 25, 2000 bearing the title "Xylitol Delivery." *See* a copy of the '143 Patent, attached hereto as **Exhibit A**. The '143 Patent relates generally to a method of nasal administration of xylitol.

6. Dr. Alonzo H. Jones ("**Dr. Jones**"), the named inventor of the technologies claimed in the '143 Patent, began his research on the effects of xylitol in response to his granddaughter's frequently recurring earaches.

7. Dr. Jones, who was an independent family physician practicing in Hale Center, Texas, studied the research pointing to the anti-bacterial affects of xylitol in the prevention of tooth decay. Dr. Jones also recognized that many infection-causing bacteria enter through the nose, and that chronic inadequate nasal hygiene accounts for most upper respiratory infections including Otitis media (middle ear infections), asthma, sinusitis and allergies.

8. Applying the information obtained in his research in a novel way, Dr. Jones experimented on the effects and benefits of nasal sprays containing xylitol.

9.      Through his experimentation Dr. Jones discovered that xylitol administered through the nose did have a beneficial and/or preventative effect on a variety of upper respiratory bacterial infections.

10.      As a result of his discovery of the benefits of the nasal administration of Xylitol, Dr. Jones filed an application for a patent, which ultimately resulted in the issuance of the '143 Patent.

11.      Due to the long felt need for Dr. Jones' invention, sales of Xlear nasal washes and sprays incorporating the patented technology were and continue to be substantial.

12.      Xlear has at all times relevant hereto marked its xylitol nasal washes and sprays with the patent number for the '143 Patent.

13.      Xlear has recently become aware that Defendant has sold, is selling, or offering to sell nasal sprays containing xylitol through its website http://renewalscience.com; a second site: http://www.naturesgardenofnaples.com, a third site: http://www.rockwallnutrition.com; a fourth site: https://www.thegrommet.com; a fifth site: http://www.preciomania.com; and its amazon.com account.  A copy of the representative sales materials are attached hereto as **Exhibit B**.

14.      Defendant's nasal sprays instruct and actively induce users to nasally administer an effective amount of xylitol/xylose in solution, and therefore infringe either literally, equivalently or contributorily one or more claims in the '143 Patent.

15.      Defendant's products, packaging and/or websites provide instruction on the method that users of its products should follow to nasally administer an effective amount of xylitol/xylose to the nasopharynx of a human.  *See* Exhibit B.

16. Xlear is the assignee of all right, title and interest in the '143 Patent.

17. The '143 Patent has not expired and is in full force and effect.

## FIRST CAUSE OF ACTION
(Direct Infringement of U.S. Pat. No. 6,054,143)

18. Plaintiff incorporates the preceding allegations as though set forth fully herein.

19. The '143 Patent has at all times subsequent to its issue date been fully enforceable and is now fully enforceable.

20. Xlear is the assignee of the '143 Patent and holds all rights under the '143 Patent, including the right to sue for infringement.

21. Defendant has designed, manufactured, promoted, sold and used nasal sprays containing xylitol that infringe the '143 Patent.

22. Defendant had actual or constructive knowledge of the '143 Patent at the times it engaged in its infringing conduct.

23. The infringement by Defendant has been willful and deliberate.

24. As a result of Defendant's infringing conduct, Defendant has damaged Plaintiff. Defendant is liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringement, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

25. On information and belief, Defendant will continue to willfully, wantonly and deliberately engage in acts of infringement either literally, equivalently or contributorily without regard to Xlear's rights under the '143 Patent and will continue to do so unless otherwise enjoined by this court under 35 U.S.C. § 283.

## SECOND CAUSE OF ACTION
(Inducement to Infringe U.S. Pat. No. 6,054,143)

26. Plaintiff incorporates the preceding allegations as though set forth fully herein.

27. Defendant has knowledge of the existence of the '143 Patent and the claims contained therein.

28. Defendant actively instructs purchasers and potential purchasers of its xylitol nasal sprays how to nasally administer an effective amount of xylitol/xylose to the nasopharynx of a human, which use infringes the '143 Patent.

29. Defendant has knowledge, and intends, that users of its xylitol nasal sprays will use Defendant's xylitol sprays to nasally administer an effective amount of xylitol/xylose to the nasopharynx of a human in violation of the '143 Patent.

30. Defendant's instructions on the use of its xylitol nasal sprays induces others to infringe the '143 Patent.

31. Defendant has unlawfully derived, and continues to unlawfully derive, income and profits by inducing others to infringe the '143 Patent. Plaintiff has suffered, and continues to suffer, damages as a result of Defendant's inducement to infringe the '143 Patent.

32. Plaintiff has suffered and will continue to suffer irreparable damage for which there is no adequate remedy at law as a direct result of Defendant's inducing others to infringe the '143 Patent unless Defendant is enjoined from further acts of inducing infringement of the '143 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

A. For a judgment holding Defendant liable for infringement of the '143 Patent:

B.  For a preliminary and permanent injunctive relief enjoining Defendant, its officers, agents, servants, employees and attorneys and all other persons in acts of concert or participation with Defendant from further infringement of the '143 Patent;

C.  For an award to Xlear of its damages and that such damages be trebled in view of the willful and deliberate nature of Defendant's infringement;

D.  Requiring that Defendant account to Xlear for all the gains, profits and advantages realized from its infringement and unlawful use of the invention patented and described in the '143 Patent;

E.  That this be declared an exceptional case and that Plaintiff be awarded its attorney's fees;

F.  For an award of Plaintiff's costs of this action;

G.  For an award of Plaintiff's prejudgment interest on any amounts of actual damages; and

H.  For such other and further relief to which this court deems Plaintiff may be entitled in law and in equity.

Dated this 29th day of February, 2016

JONES WALDO HOLBROOK & McDONOUGH PC

By: */s/ Kenneth A. Okazaki*
    Kenneth A. Okazaki (USB # 3844)
    Timothy B. Smith (USB # 8271)
    Taryn N. Evans (USB #14638)
    *Attorneys for Plaintiff*