IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| XLEAR, INC., a Utah corporation,<br><br>               Plaintiff,<br><br>v.<br><br>RENEWAL SCIENCE, a Pennsylvania Limited Liability Company,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO PERMIT ALTERNATIVE SERVICE BY ELECTRONIC MAIL<br><br><br>Case No. 2:16-CV-172 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion to Permit Alternative Service by Electronic Mail.  In its Motion, Plaintiff asserts it has been unable to locate and serve Defendant by traditional means despite good faith efforts and requests this Court allow service of process by electronic mail.  The Court will deny Plaintiff's Motion without prejudice for the reasons discussed below.

I.  DISCUSSION

Under Federal Rule of Civil Procedure 4(h)(1), a domestic or foreign corporation, partnership, or other association that is subject to suit under a common name "must be served: (1) in a judicial district of the United States:  (A) in a manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized."  Rule 4(e)(1) directs that service be made in accordance with state law under the state where the district court is located.

In Utah,

> Where the identity of whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, where service upon all of the

1

individual parties is impracticable under the circumstances, or where there exists good cause to believe that the person to be served is avoiding service of process, the party seeking service of process may file a motion supported by affidavit requesting an order allowing service by publication or by some other means. The supporting affidavit shall set forth the efforts made to identify, locate or serve the party to be served, or the circumstances which make it impracticable to serve all of the individual parties.[1]

"To meet the reasonable diligence requirement, a plaintiff must take advantage of readily available sources of relevant information. A plaintiff who focuses on only one or two sources, while turning a blind eye to the existence of other available sources, falls short of this standard."[2] However, "'the diligence to be pursued and shown by the affidavit is that which is reasonable under the circumstances and not all possible diligence which may be conceived.'"[3]

Here, Plaintiff attempted to locate Defendant using the Internet. Plaintiff located two separate addresses for Defendant—one registered with the Pennsylvania Department of State and the other from a Google search. Plaintiff retained Seagull Legal Services to attempt service on Defendant at the two separate addresses. Both summonses were returned to Plaintiff. Additionally, current occupants of those addresses did not provide any information as to forwarding addresses or have information about Defendant's current address.

However, the Court's own research ascertained a third possible address for Defendant using the same basic search method used by Plaintiff. A Google search for "renewal science llc" returned over half a million search results. Among the first five listed was from whitepages.com, which identified Renewal Science LLC's address as: 694 Mimosa Tree Lane, West Chester, PA

---

[1] Utah R. Civ. P. 4(d)(4)(A).

[2] *Jackson Constr. Co. v. Marrs*, 100 P.3d 1211, 1217 (Utah 2004).

[3] *Bonneville Billing v. Whatley*, 949 P.2d 768, 775 (Utah Ct. App. 1997) (quoting *Parker v. Ross*, 217 P.2d 373, 379 (Utah 1950) (Wolfe, J., concurring)).

19380-1867.  The phone number associated with this address is the same number associated with the other two addresses on which Plaintiff attempted service, which makes it likely that the third address is associated with Defendant.  Plaintiff has not explained why service was not attempted at this address.  In order to meet the reasonable diligence requirement, Plaintiff is not required to exhaust all possibilities, but it must not turn a blind eye to the existence of other available sources, such as the one located by the Court.  Because service was not attempted on the third address, the Court finds that Plaintiff did not meet the reasonable diligence standard as set forth under Utah law and denies Plaintiff's Motion without prejudice.

## II.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Permit Alternative Service by Electronic Mail (Docket No. 5) is DENIED WITHOUT PREJUDICE.

DATED this 25th day of April, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge